UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JONATHAN WILLIAM NEIRA MARQUEZ,
2021000681,

                            Plaintiff,

        -against-

BJ WHOLESALE CLUB, *et al*.,

                         Defendants.
------------------------------------------------------------X

For Online Publication Only

FILED
CLERK

3:28 pm, Jan 28, 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

ORDER
21-CV-4592(JMA)(AYS)

**AZRACK, United States District Judge:**

      Before the Court is the *in forma pauperis* application filed by incarcerated *pro se* plaintiff, Jonathan Neira ("Plaintiff").  (*See* ECF No. 7.)  Upon review and for the reasons that follow, the application to proceed *in forma pauperis* is denied.  Plaintiff is directed to remit the $402.00 filing fee within twenty-one (21) days from the date of this Order to proceed with this case.  Once paid, the Court will order service of the summonses and complaint by the United States Marshal service.

      To qualify for *in forma pauperis* status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life."  *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).  The purpose of the statute permitting litigants to proceed *in forma pauperis* is to ensure that indigent persons have equal access to the judicial system.  *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. NYC Health & Hosp. Corp.*, No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)).  The determination of whether an applicant qualifies for *in forma pauperis* status is within the discretion of the district court.  *Pinede v. New York City Dept. of Envtl. Prot.*, No. 12-CV-06344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013) (collecting cases).  The Court may

dismiss a case brought by a litigant requesting to proceed *in forma pauperis* if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's application reflects that he is incarcerated at the Nassau County Correctional Center and has a total of $20,000 in his personal savings account and a business checking account. (*See* ECF No. 7 at ¶¶ 3-4.) Plaintiff also reports that he has no expenses or dependents and his only reported debt is in the sum of $700 per month for credit card payments. *See id.* at 6-8. Accordingly, given that the filing fee for the complaint is $402.00, Plaintiff's application demonstrates that he can afford to pay the Court's filing fee. Accordingly, Plaintiff's motion to proceed *in forma pauperis* is denied and Plaintiff is directed to pay the $402.00 filing fee within twenty-one (21) days of the date of this Order. Plaintiff is warned that a failure to timely comply with this Order may lead to the dismissal of the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is further warned that, once paid, there are no refunds no matter the outcome of the case. Accordingly, Plaintiff is well-advised to consider the merits of his claims.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

Dated: January 28, 2022
Central Islip, New York

                    /s/ (JMA)
                    JOAN M. AZRACK
                    UNITED STATES DISTRICT JUDGE